NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0299n.06
Filed: April 19, 2005

## No. 04-1309

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff - Appellee,** | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| RICHARD LEE OLIVER, | ) | DISTRICT OF MICHIGAN. |
| | ) | |
| **Defendant - Appellant**. | ) | |
| | ) | |
| | ) | |
| | ) | |

**Before: Boggs, Chief Judge, Cook and Bright[*], Circuit Judges.**

**PER CURIAM.** Richard Oliver, a previously convicted felon, pleaded guilty to violating 18 U.S.C. § 922(g)(1), which makes unlawful the possession of a firearm by a convicted felon. He challenges only his sentence, which was based in part on criminal history points assessed for his having initiated the present offense within ten years of his being sentenced in a prior case. Oliver challenges the assessment of criminal history points, alleging that the court erred in applying Section 1B1.3 of the federal sentencing guidelines.

The record shows no error, but we vacate the sentence and remand for resentencing under the now advisory, rather than mandatory, guidelines.

---

[*] The Honorable Myron H. Bright, Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

The indictment in this case charged Oliver with possessing firearms "on or about May 31, 2002." At sentencing, in accordance with USSG §§ 4A1.1(b) and 4A1.2(e)(2), the district court assessed Oliver two criminal history points because Oliver commenced the present offense within ten years of being sentenced in a previous case to be imprisoned for one year, on a manslaughter conviction. The prior sentence was imposed on March 7, 1990.

The district court's determination that Oliver commenced the present offense within ten years of the prior sentence was premised on Oliver's admission that he obtained the guns in question three or four years before May 31, 2002.[1] Oliver admitted, in other words, that he obtained the guns within ten years of being sentenced in the prior case.

May 31, 2002 – the day given on the indictment in the present case – is more than ten years after the earlier sentencing on March 7, 1990. Three or four years before May 31, 2002 (literally,

_____

[1] There is some question whether Oliver's admission was properly before the district court, and thus whether the court could rely on it for purposes of increasing the statutory maximum penalty (namely, the mandatory sentencing guideline range). The sentencing memorandum filed in the district court by Oliver's counsel acknowledges that Oliver admitted to the FBI that he had owned the subject firearms "for several years," and the memorandum appears to acknowledge to the district court the truth of Oliver's admission to the FBI. See J.A. at 11-12. On appeal, too, Oliver concedes, through counsel, that he admitted to the FBI that "he had owned the firearms for about three or four years." Appellant's Br. at 3. In his reply brief, however, Oliver asserts that he never admitted to the court that he got the guns three or four years before May 31, 2002. See Reply Br., passim.

Oliver's position appears to be that while the admission was true, he made it only to the FBI, not to the court. Thus, relying on United States v. Blakely, 124 S.Ct. 2531 (2004), Oliver argues that the time when he got the guns is a fact neither admitted nor proven, and the district court therefore could not rely on it to increase the statutory maximum penalty.

Oliver's Blakely argument rises or falls on the factual question whether, at his plea or sentencing hearings, Oliver admitted that he got the guns years before May 31, 2002. We have no way of knowing, because Oliver has not prepared the transcripts of those hearings. Any appeal from the district court's finding as to this question of fact has therefore been waived. Because we vacate the sentence and remand for resentencing, Oliver can revisit the factual question with the district court.

May 31, 1998 or 1999) is within ten years of March 7, 1990. The question is what dates matter for purposes of the sentencing guidelines.

Oliver insists that the earliest relevant date can be only days before May 31, 2002, because that was the time when he is convicted of having the guns. Application note eight to USSG § 4A1.2(e)(2) provides, however, that the phrase "commencement of the instant offense" includes all "relevant conduct" as defined by § 1B1.3. When the offense consists of a continuous act or condition extending over a significant length of time, "relevant conduct" under § 1B1.3 includes commission of the same offense at points before the time specified in the indictment. A felon's owning guns on a continuous basis, though before the time specified in the indictment is "relevant conduct." Oliver engaged in this relevant conduct of obtaining and keeping the firearms, by his own admission, within ten years of being sentenced on March 7, 1990. The district court did not err in its application of the sentencing guidelines.

Nevertheless, because the district court erroneously considered itself bound by mandatory guidelines, we must vacate the sentence and remand for resentencing in light of United States v. Booker, 125 S.Ct. 738 (2005). See United States v. Barnett, 398 F.3d 516, 524-31 (6th Cir. 2005); United States v. Oliver, 397 F.3d 369 (6th Cir. 2005). But see United States v. Bruce, 396 F.3d 697 (6th Cir. 2005).

Accordingly, we **affirm** the district court's application of the sentencing guidelines, but we **vacate** Oliver's sentence, and **remand** the case to the district court for reconsideration of the sentence, considering the guidelines as advisory, rather than mandatory.