NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0126n.06
Filed: February 15, 2007

No. 06-1190

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DAVID LEE OLIVER, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: SUHRHEINRICH, GIBBONS, and COOK, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant-appellant David Lee Oliver ("Oliver") challenges the sentence imposed by the district court on procedural reasonableness grounds. Because the record demonstrates the district court's consideration of the relevant sentencing factors outlined in 18 U.S.C. § 3553(a) and because Oliver fails to point to any mitigating evidence that the district court should have considered in imposing sentence, his challenge fails. Consequently, we affirm Oliver's sentence.

I.

A jury convicted Oliver of conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846. On August 4, 2003, Oliver was sentenced to 180 months imprisonment under the then mandatory guidelines

1

regime. This court subsequently vacated his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Oliver*, 129 F. App'x 210 (6th Cir. 2005).

On December 19, 2005, the district court held a new sentencing hearing. The court relied upon the guidelines calculations used during the pre-*Booker* sentencing. Under those calculations, not challenged on appeal, the appropriate sentencing range recommended by the guidelines called for between 168 and 210 months incarceration. The district court ultimately imposed a sentence of 180 months imprisonment.

Oliver argued before the district court that his efforts at rehabilitation and his remorse for having committed the charged crime warranted a more lenient sentence than the one imposed originally and challenged here on appeal. While the district court acknowledged the positive steps that Oliver had taken since having been convicted, it ultimately found, "[i]t does not stand as a reason for me, however, to think that there's a substantial reason for varying from the sentence that was originally imposed." The court then explained its sentence as follows:

> [A]ccordingly, taking into account the recommended guideline range as calculated by the original sentencing judge, 168 to 210 months, a reduction from the recommended calculation by the Probation Department, a reduction for overstatement of the defendant's criminal history, it is the determination of the court, considering the recommended guideline range as well as all of the factors contained in Title 18, Section 3553(a), that the defendant, David Lee Oliver, is hereby committed to the custody of the United States Bureau of Prisons to serve a term of 180 months.

## II.

Oliver challenges his sentence on the ground that it is unreasonable. Post-*Booker*, the discretion of a sentencing court has been enhanced, and a sentence will be upheld on appeal if that sentence is "reasonable." *United States v. Jackson,* 408 F.3d 301, 304 (6th Cir. 2005). This reasonableness inquiry has both a procedural and a substantive component, requiring review of both

the procedures used and factors considered in reaching the sentence and the punishment itself. *See United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). On appeal, Oliver raises only procedural reasonableness, however.

Although district courts are no longer bound by the sentencing ranges contained in the guidelines, a sentencing court must consider the applicable guidelines range as one of a number of factors enumerated in 18 U.S.C. § 3553(a). *Jackson,* 408 F.3d at 304. The goal of the procedural reasonableness requirement is to ensure that a sentencing court explains its reasoning to a sufficient degree to allow for reasonable appellate review. *Id.* at 305. The court need not explicitly consider each of the § 3553(a) factors; a sentence is procedurally reasonable if the record demonstrates that the sentencing court addressed the relevant factors in reaching its conclusion. *See United States v. McBride,* 434 F.3d 470, 475-76 & n.3 (6th Cir. 2006) (citing *Webb*, 409 F.3d at 383-85). Moreover, satisfaction of the procedural reasonableness requirement does not depend on a district court's providing a rote listing or some other ritualistic incantation of the § 3553(a) factors. *See United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006); *see also United States v. Williams*, 436 F.3d 706, 708-09 (6th Cir. 2006).

Oliver does not challenge the district court's guidelines calculations but instead challenges what he characterizes as the district court's failure to consider adequately the factors enumerated in 18 U.S.C. § 3553(a). To the extent that Oliver endeavors to impose a rule requiring that the district court, in passing sentence, explicitly reference *all* of the § 3553(a) factors, this court has rejected any such formulaic approach to procedural reasonableness. *See, e.g.*, *McBride,* 434 F.3d at 476 n.3. Oliver further argues that the district court simply relied on the guidelines recommendation and ignored the other § 3553(a) factors. Contrary to Oliver's assertion, the record before us amply

demonstrates the district court's consideration of both the applicable guidelines range and the other relevant factors. Oliver does not direct us to any factor that the district court should have considered but did not.

Oliver also argues that the district court did not consider the mitigating evidence that he offered regarding his efforts at rehabilitation following his incarceration in 2003 and his remorse for having violated the law. Before the district court, both at the resentencing hearing and in a memorandum furnished to the court, Oliver pointed to the positive steps he had taken while in prison, including having held a job, conducted himself properly, and completed drug treatment. The district court not only considered this evidence but also commended Oliver for his progress. The district court ultimately determined that this progress, however positive, did not warrant further lenity in sentencing and imposed a sentence in accordance with the recommended guidelines range and identical to that imposed originally.

The district court did not, in explicit terms, reference each of the § 3553(a) factors, but our precedent does not impose any particular script upon a sentencing court. The record demonstrates the district court's consideration of the relevant sentencing factors, and Oliver has failed to point to any evidence that the district court should have considered but did not. The district court's rationale is evident from the record, and there is no suggestion that the district court failed to weigh all of the relevant factors in passing sentence. As a consequence, the sentence was not procedurally unreasonable.

III.

For the foregoing reasons, we affirm Oliver's sentence.