# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1507

_____

United States of America,          *
          *
        Appellee,        *
          *   Appeal from the United States
    v.            *   District Court for the
          *   Northern District of Iowa.
Brock Burman,         *
          *
        Appellant.     *

_____

Submitted: October 19, 2011
Filed: January 25, 2012

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Brock Burman pleaded guilty to three counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and nine counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Burman argues on appeal that the district court[1] plainly erred in denying his motion to dismiss the receipt counts because of a double jeopardy violation. Burman also argues that the district court erred in its calculation of the Guidelines range for his offense because the court imposed a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) and

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

assessed two criminal history points against Burman for a 1997 conviction for indecent contact with a child. We affirm.

## I. *Background*

On April 30, 2010, officers with the Mason City Police Department searched Burman's home in Mason City, Iowa, and seized a number of items including a Sony computer, a Toshiba hard drive, a Western Digital external hard drive, six compact disks, and a mini DVD. Each of these storage devices contained multiple depictions of underage sexually explicit conduct. In an interview with investigators on April 30, 2010, Burman stated that he downloaded child pornography using Gigatribe, a peer-to-peer file-sharing program. When asked if he posted pictures through Gigatribe, he said that whenever he downloads something it "goes back on." Burman also said that he was aware that the images that he downloaded with Gigatribe were available to others through his computer. Burman's Toshiba hard drive contained 68 depictions of child pornography in a peer-to-peer downloads folder that were downloaded on April 23, 25, and 28, 2010. Altogether, the Toshiba hard drive contained over 12,000 depictions of child pornography.

According to the presentence investigation report (PSR), an individual with the screen name "rocko20031" and email address "bcburman@hotmail.com" used the internet program Yahoo! Messenger to upload images of child pornography on March 26, 2004. On January, 13, 2004, an individual with the email address "rocko20031@yahoo.com" used Yahoo! Messenger to upload at least one image of child pornography. Burman admitted that he used Yahoo! Messenger and that his email accounts were "rocko20031@yahoo.com" and "bcburman@hotmail.com."[2] Burman told investigators that he had been downloading child pornography for about two years.

---

[2]Although the PSR does not expressly state that "bcburman@hotmail.com" was Burman's email address, Jeremy Ryal, a Mason City police officer, testified at sentencing that Burman had stated that it was his email address.

On July 14, 2010, Burman was charged in a superceding indictment with three counts of receipt of child pornography on April 23, 25, and 28, 2010, after having been convicted of an offense relating to sexual abuse or abusive sexual conduct involving a minor, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) ("Counts I through III"), and nine counts of possession of child pornography between June 2009 and April 2010 after having been convicted in an offense relating to sexual abuse or abusive sexual conduct involving a minor, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) ("Counts IV through XII"). The prior offense charged in the indictment was a state court conviction on March 4, 1997, for indecent contact with a child.

Burman pleaded guilty to all 12 counts of the superseding indictment. Prior to sentencing, Burman filed a motion to dismiss Counts I, II, and III as unconstitutional under the Double Jeopardy Clause of the Fifth Amendment because the images that formed the bases for those counts were among the images that formed the basis for Count IV—possession of child pornography on the Toshiba hard drive. The district court denied Burman's motion to dismiss because the issue was not timely raised and because no double jeopardy violation had occurred. In calculating the Guidelines range for Burman's offense, the district court imposed a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) for an offense involving "[d]istribution for the receipt, or expectation of receipt, of a thing of value." The district court also assessed two criminal history points against Burman under U.S.S.G. § 4A1.2(e)(2) for his March 1997 conviction for indecent contact with a child. The court determined that the Guidelines range for Burman's offense was 360 months' to life imprisonment on Counts I through III and 240 months' imprisonment on Counts IV through XII. The district court also stated:

> I would just say this about the sentence that I'm going to impose. It is going to be a guideline sentence; however, if I were to totally ignore the guidelines, if they didn't exist and I was just starting as I might with a clean slate, with nothing to guide me, my sentence would still be the same. The sentence that I am going to impose is fully supported by the

uncontested portions of the presentence investigation report and the evidence, not the least of which is the interview that the defendant gave to law enforcement.

The court considered the factors listed in 18 U.S.C. § 3553(a) and sentenced Burman to 420 months' imprisonment, followed by ten years of supervised release. This timely appeal followed.

## II. *Discussion*

Burman raises three issues on appeal. First, he contends that the district court plainly erred in denying his motion to dismiss Counts I, II, and III of the superceding indictment. Second, Burman argues that the district court erred by imposing a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) for distribution for the expected receipt of a thing of value. Third, Burman argues that the district court erred by assessing two criminal history points against Burman for his March 1997 conviction for indecent contact with a child.

## A. *Double Jeopardy*

Burman argues that the district court plainly erred when it denied his motion to dismiss Counts I, II, and III because possession of child pornography, which is charged in Count IV, is identical to receipt, which is charged in Counts I through III, and conviction for both possession and receipt violates the Double Jeopardy Clause of the Fifth Amendment. The government counters that Burman waived his double jeopardy argument by failing to raise it before entering a guilty plea and, even if Burman had raised the argument, the district court did not plainly err because most of the depictions that form the basis for Count IV of the superseding indictment do not form the bases for Counts I, II, and III.

A double jeopardy violation occurs when a defendant "[is] convicted of two offenses that are 'in law and fact the same offense.'" *United States v. Muhlenbruch*,

634 F.3d 987, 1002 (8th Cir. 2011) (quoting *United States v. Roy*, 408 F.3d 484, 491 (8th Cir. 2005)). "[A] guilty plea does foreclose a double jeopardy attack on a conviction unless . . . on the face of the record the court had no power to enter the conviction or impose the sentence." *United States v. Stock*, No. 10-3339, 2011 WL 5429072, at *1 (8th Cir. Nov. 10, 2011) (slip copy) (quotation and citation omitted) (finding that the defendant waived his double jeopardy challenge by pleading guilty to two counts of possession of child pornography when, on the face of the record, the two counts were for distinct offenses). "In [*United States v.*] *Broce*, the Supreme Court made clear that by pleading guilty 'to two counts with facial allegations of distinct offenses' a defendant concedes 'that he has committed two separate crimes,' and in that situation there [is] no double jeopardy violation on the face of the record." *Id.* (quoting *United States v. Broce*, 488 U.S. 563, 570 (1989)).

Burman pleaded guilty to three counts of receipt of child pornography on April 23, 25, and 28, 2010. He also pleaded guilty to possession of child pornography on his Toshiba hard drive between June 2009 and April 2010. Possession is generally a lesser-included offense of receipt; however, in this case, the superceding indictment does not indicate that the receipt and possession counts are based on the same facts and images. *Cf. Muhlenbruch*, 634 F.3d 987, 1004 (finding that the district court erred in entering judgment on possession and receipt offenses because possession is a lesser-included offense of receipt and the convictions were based on the same facts and images). Actually, the two counts have different supporting facts. Counts I, II, and III are based on 68 depictions in a peer-to-peer downloads folder on the Toshiba hard drive, which Burman downloaded in April 2010. Count IV is based on all of the approximately 12,000 depictions stored in a number of folders and sub-folders on the Toshiba hard drive between June 2009 and April 2010, including the depictions in the peer-to-peer downloads folder. *See, e.g.*, *United States v. Bobb*, 577 F.3d 1366, 1375 (11th Cir. 2009) (finding that the defendant's convictions for receipt and possession were based on two distinct offenses when the indictment charged the defendant with receipt on November 12, 2004, and possession in August 2005, at which time the

defendant possessed over 6,000 depictions in addition to those that formed the basis for the receipt count). Thus, Burman waived his double jeopardy argument by pleading guilty to the offenses, and we are foreclosed from reviewing Burman's claims, *United States v. Booker*, 576 F.3d 506, 511 (8th Cir. 2009) ("[W]aived claims are unreviewable on appeal.").

## B. *Sentencing Enhancement*

Burman also alleges that the district court erred in assessing a five-level enhancement for "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(3)(B) (2010). Burman alleges that, although he had Gigatribe, a file-sharing program, on his Toshiba hard drive, that alone does not show that he distributed images in exchange for other images. "On appeal of a sentence, we review *de novo* the district court's application of the sentencing guidelines and its factual findings for clear error." *United States v. Davidson*, 437 F.3d 737, 739–40 (8th Cir. 2006).

"Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain" involves any transaction "that is conducted for a thing of value, but not for profit." U.S.S.G. § 2G2.2 cmt. n.1. A "thing of value" is "anything of valuable consideration. For example, in a case involving the bartering of child pornographic material, the 'thing of value' is the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received." *Id.*

"[W]hether a defendant qualifies for the five-level enhancement must be decided on a case-by-case basis, with the government bearing the burden of proving that the defendant expected to receive a thing of value—child pornography—when he used the file-sharing network to distribute and access child pornography files." *United States v. Bastian*, 603 F.3d 460, 466 (8th Cir. 2010) (alteration in original) (quotation and citation omitted). "The government can meet its burden with direct evidence, such

as an admission by the defendant that he knew he was using a file-sharing network, and could download files from others who could download files from him." *Id.* (citing *United States v. Griffin*, 482 F.3d 1008, 1012–13 (8th Cir. 2007)). "The government can also meet its burden with indirect evidence, such as the defendant's technical sophistication in computers, inferring that he knew that by using a file-sharing network, he could download files from others who could also access his files." *Id.* (citing *United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009)).

In *Griffin*, we held that a defendant who admitted to downloading files from a file-sharing network expected to receive a thing of value because the evidence showed that he knew that, by using the network, other users could download files from him. 482 F.3d at 1013. One can distribute items by delivery to the recipient or by enabling the recipient to acquire the items after placement in an agreed-upon location with common access privileges. He who places an open box of treats in a common area of an office is rarely surprised when some are taken. Like the defendant in *Griffin*, Burman stated in an interview with law enforcement that he downloaded child pornography using Gigatribe. When asked if he posted pictures through the network, Burman stated that whenever he downloads something it "goes back on." He expressed that he was aware the images he downloaded through Gigatribe were available to others through his computer. Burman's admissions in the interview evince an expectation to receive child pornography in exchange for the images he distributed through Gigatribe.

The government also provided indirect evidence of Burman's expectations. In the search of Burman's home, the government obtained a Toshiba hard drive, a Western Digital external hard drive, six compact discs, and a mini DVD that collectively contained over 20,000 images and 100 videos of child pornography. Burman also had two email addresses and used Yahoo! Messenger, an Internet messaging program, to obtain images. Burman committed these offenses using a substantial level of technical sophistication. Moreover, the sheer quantity of images

and videos that Burman possessed suggests that he knew he was distributing images through Gigatribe. *See Stults*, 575 F.3d at 849 (finding that the government met its burden of establishing that the defendant expected to receive child pornography through similar evidence: the defendant had a number of computers and a large database, he had saved substantial data obtained from other file-sharing network users and kept the data on CDROMs, his computer contained many images, and a substantial amount of data was in his machine).

The district court did not err in assessing the five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B).

## C. *Criminal History Points*

Finally, Burman contends that the district court erred by assessing two criminal history points against him for a sentence that was imposed in March 1997 for indecent contact with a child. Under U.S.S.G. § 4A1.2(e)(2), two points are assessed for "[a]ny other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense." Burman contends that the instant offense did not commence until April 2007, the first date listed in the indictment.

As used in § 4A1.2(e) of the Guidelines, "the term 'commencement of the instant offense' includes any relevant conduct." U.S.S.G. § 4A1.2 cmt. n.8. Section 1B1.3(a)(1) of the Guidelines defines "relevant conduct" as all "acts and omissions" occurring "during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." "Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." U.S.S.G. § 1B1.3 cmt. background. "This broad concept of 'relevant conduct' includes activities that occurred before the date identified by the indictment as the starting date of the offense." *United States v. Kennedy*, 32 F.3d 876, 890 (4th Cir. 1994). Thus, "sentencing courts may consider preindictment activity to establish the

starting date of the offense, and then use that date to calculate the time period for which prior sentences are counted." *Id.*; *see also United States v. Oliver*, 129 F. App'x 210, 212 (6th Cir. 2005) (unpublished per curiam) ("When the offense consists of a continuous act or condition extending over a significant length of time, 'relevant conduct' under § 1B1.3 includes commission of the same offense at points before the time specified in the indictment.").

Burman was convicted on March 4, 1997, for indecent contact with a child. According to the PSR, Burman uploaded child pornography from the internet via Yahoo! Messenger in January and May 2004. Although the earliest date listed in the indictment is April 2007, his 2004 conduct is relevant to the instant offenses of receipt and possession of child pornography. *See, e.g.*, *United States v. Starr*, 486 F. Supp. 2d 940, 952 (N.D. Iowa 2007) ("Defendant's production of child pornography in late 1996 or early 1997 is clearly relevant conduct to his possession of the very same child pornography in May of 2005."), *aff'd*, 533 F.3d 985 (8th Cir. 2008). Thus, the district court did not err by assessing two criminal history points under U.S.S.G. § 4A1.2(e)(2).

## III. *Conclusion*

For the reasons stated above, we affirm the judgment of the district court.

COLLOTON, Circuit Judge, concurring in part and concurring in the judgment.

I join Parts I, II.A, and II.C of the opinion of the court, but for the reasons stated in *United States v. Bastian*, 603 F.3d 460, 467 (8th Cir. 2010) (concurring opinion), I decline to join Part II.B. He who places an open box of treats in a common area of an office may be *distributing* treats, *ante*, at 7, but USSG § 2G2.2(b)(3)(B) applies only where the defendant is engaged in a "transaction" that is conducted "for a thing of value." *Id.* § 2G2.2, comment. (n.1); *see United States v. Spriggs*, No. 10-14919,

2012 WL 48016, at \*2-3 (11th Cir. Jan. 10, 2012); *United States v. Rogers*, 666 F. Supp. 2d 148, 153-54 (D. Me. 2009), *vacated on other grounds*, 659 F.3d 74 (1st Cir. 2011).

In this case, the district court stated that even if the guidelines did not exist, the court would arrive at the same sentence of 420 months' imprisonment. This alternative ruling may not have been sufficient under *United States v. Icaza*, 492 F.3d 967, 971 (8th Cir. 2007), because it did not specify a precise alternative guideline range, but *Icaza* was premised on an outmoded notion that the court of appeals assesses "the reasonableness of a variance." *Id.* (quoting *United States v. Bah*, 439 F.3d 423, 431-32 (8th Cir. 2006)). *Gall v. United States*, 552 U.S. 38 (2007), established that the proper measure of "reasonableness" under § 3553(a) is not whether the *variance* from an advisory guideline range is reasonable, but whether the *ultimate sentence* is reasonable in light of the § 3553(a) factors taken as a whole. *Id.* at 50-51. Because the district court did not abuse its discretion in declaring that a sentence of 420 months' imprisonment was warranted without regard to the guidelines, any error in applying the five-level adjustment under § 2G2.2(b)(3)(B) was harmless. *See United States v. Sanchez-Martinez*, 633 F.3d 658, 660-61 (8th Cir. 2011). I therefore concur in the judgment.

_____