# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3282

_____

United States of America

*Plaintiff - Appellee*

v.

James Byers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 8, 2013
Filed: May 29, 2013
[Unpublished]

_____

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

James Byers appeals from the sentence imposed by the District Court[1] after he pleaded guilty to one count of receipt of child pornography. We affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Byers was charged in a three-count indictment with receipt, possession, and distribution of child pornography. In return for his guilty plea on the receipt count, the government agreed to drop the other charges. According to the presentence investigation report (PSR) prepared by the U.S. probation office, Byers's advisory U.S. Sentencing Guidelines range was 292 to 365 months in prison. The court sentenced Byers to 240 months, the statutory maximum for the receipt offense.

On appeal, Byers challenges the five-level increase to his base-offense level that the District Court imposed under the authority of § 2G2.2(b)(3)(B) of the Guidelines: "If the offense involved . . . [d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, increase by **5** levels." The "thing of value" may be child-pornographic material shared or exchanged for other child-pornographic material. United States v. Burman, 666 F.3d 1113, 1118 (8th Cir. 2012) (citing U.S. Sentencing Guidelines Manual § 2G2.2 cmt. n.1). We review de novo the District Court's legal conclusions regarding application of the enhancement and the underlying factual findings for clear error. United States v. Griffin, 482 F.3d 1008, 1011 (8th Cir. 2007).

Byers admits that the record "clearly established" that he "exchanged or shared images of child pornography with other individuals." Br. of Appellant at 8. Byers distinguishes his file-sharing activities from behavior warranting application of the enhancement because, he says, it is not clear that he requested or expected to receive child pornography in exchange for the child-pornographic images that he shared. He claims that he is less culpable than a defendant who actively barters child pornography for child pornography. But § 2G2.2(b)(3)(B) does not require negotiation for a thing of value, only the receipt or expectation of receipt of a thing of value in return for the distribution of child-pornographic images—in this case, other child-pornographic images. Even without Byers's admission that he "exchanged or shared" child pornography, the government met its burden to prove that the enhancement should apply with evidence of activity demonstrating Byers's

intent to share. See Burman, 666 F.3d at 1118. Byers engaged in online chats "that would lead into the exchange of images." Tr. of Sentencing Hr'g at 11; see also id. at 13, 14. He made a computer folder of images, including child-pornographic images, available to others, with his permission, through a Yahoo! photo-sharing site. Id. at 10–11; cf. Griffin, 482 F.3d at 1013 (applying § 2G2.2(b)(3)(B) in a case in which defendant downloaded and shared child pornography "via an internet peer-to-peer file-sharing network, as these networks exist—as the name 'file-sharing' suggests—for users to share, swap, barter, or trade files"). We conclude that the government met its burden to prove that the five-level enhancement was properly applied here.

In any event, the District Court specifically stated that it would impose the same sentence, the statutory maximum of 240 months, even if § 2G2.2(b)(3)(B) did not apply to Byers, noting that such a sentence would fall within the advisory Guidelines range as calculated by Byers without the five-level enhancement. Tr. of Sentencing Hr'g at 24; see also id. at 27. Any error in applying the enhancement would therefore be harmless. See United States v. Bastian, 603 F.3d 460, 466 (8th Cir. 2010).

Byers also argues that his sentence is unreasonable. We consider the substantive reasonableness of a sentence under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir.), cert. denied, 552 U.S. 927 (2007).

According to Byers, the court "seemed to give weight only to the offense conduct and the negative aspects of defendant's history and characteristics," while

his "age, history of good work and service in his community, and sincere remorsefulness . . . seemed to matter not at all." Br. of Appellant at 18. The record demonstrates otherwise. At the sentencing hearing, the court acknowledged receiving the PSR and Byers's sentencing memorandum, together with numerous letters of support for Byers. Counsel for Byers also made an oral argument for a downward variance, stressing the mitigating factors. Absent evidence to the contrary, we have no reason to believe that the court did not give "due weight" to any "important considerations," all of which were before the court when it sentenced Byers, regardless of how it may have "seemed" to Byers. Id. at 17, 18. The court enumerated the 18 U.S.C. § 3553(a) sentencing factors and itemized for the record the evidence that it found particularly relevant to the statutory-maximum sentence it imposed: the child victims of Byers's crime, Byers's 2004 conviction for sexual assault of a disabled male victim, the seriousness of the offense of conviction, that Byers was thrown out of an online chat room for transmitting a video of himself masturbating, numerous unscored criminal convictions, and Byers's history of abusing alcohol and street drugs. Tr. of Sentencing Hr'g at 25–29. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

Byers further suggests that his was "a mostly pedestrian receipt offense" and that sentences in child-pornography cases are routinely enhanced by "common elements of child pornography," namely, "images of prepubescent minors, images of sadistic or masochistic conduct as broadly defined by case law, some form of distribution, use of a computer, and some elevated number of images." Br. of Appellant at 19. Byers's contention is that the child-pornography Guidelines enhancements "promote statutory maximum or near maximum sentencing in run-of-the-mill cases." Id. at 18. This argument for reversal based on policy grounds is unavailing. As we have said before, even "[a]ssuming that it may disregard the child

pornography sentencing guideline on policy grounds, a district court is not required to do so." United States v. Black, 670 F.3d 877, 882 (8th Cir. 2012).

Considering the totality of the circumstances, we conclude that Byers's sentence is not unreasonable and that the District Court did not abuse its discretion in sentencing him.  We affirm Byers's sentence.

_____