# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1271

_____

United States of America

*Plaintiff - Appellee*

v.

Jacob Scott Watters

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: December 15, 2017
Filed: May 2, 2018
[Unpublished]

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In 2016 Jacob Watters pled guilty to receipt of child pornography under 18 U.S.C. § 2252(a)(2). At sentencing, the district court[1] determined that Watters' prior

_____

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Iowa conviction for Lascivious Acts with a Child qualified as a predicate offense for enhanced sentencing under 18 U.S.C. § 2252(b)(1) and sentenced him to 240 months imprisonment. Watters appeals his sentence. We affirm.

I.

In 2013 Watters pled guilty to one count of Lascivious Acts with a Child, IOWA CODE § 709.8. Watters, nineteen at the time, had carried on a sexual relationship with A.L., a twelve year old girl. In 2014 Iowa police learned that Watters had exchanged sexually explicit photos with a fifteen-year-old California girl. Officers searched his home and discovered multiple electronic devices containing a total of about 400 sexually explicit photos of six minor girls, including A.L. and T.W., who were seventeen when the photos were taken. The photos of A.L. predated Watters' 2013 conviction, and he procured photos of the four other girls after extensive online communications in 2014 and early 2015.

In February 2015 Watters pled guilty to receipt of child pornography, 18 U.S.C. § 2252(a)(2). Section 2252(b)(1) mandates a 5-20 year sentence for anyone who violates § 2252(a)(2), but increases the mandatory sentence to 15-40 years when the defendant has a prior conviction for certain sexual offenses. At sentencing, the district court found that Watters' 2013 Iowa conviction (lascivious acts with a child) qualified as a predicate offense under § 2252(b)(1). He thus had a mandatory minimum of 15 years and a maximum sentence of 40 years.

The district court determined that Watters' guideline offense level was 36 (including a five level "relevant conduct" enhancement of his base offense level under U.S.S.G. § 2G2.1(d)(1)). The district court calculated a guideline range of 210-262 months and sentenced Watters to 240 months imprisonment.

## II.

Watters first argues the district court improperly applied the relevant conduct enhancement and thus his total offense level should have been 35 rather than 36, resulting in a guideline range of 188–235 months. "We review the district court's interpretation of the guidelines de novo and the court's relevant conduct determination for clear error." United States v. Allebach, 526 F.3d 385, 388 (8th Cir. 2008) (citation omitted).

Section 2G2.1(d)(1) states: "If the offense involved the exploitation of more than one minor, Chapter Three, part D (Multiple Counts) shall be applied." Application Note 7 under § 2G2.1 clarifies that "if the relevant conduct of an offense of conviction includes more than one minor being exploited, whether specifically cited in the count of conviction or not, each such minor shall be treated as if contained in a separate count of conviction." Under §3D1.4, a defendant's offense level may be enhanced by 5 units if he has more than 5 incidents of relevant conduct and 4 units for between 3.5 to 5 incidents of relevant conduct.

"Relevant conduct" consists of all acts and omissions committed by the defendant "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." § 1B1.3(a)(1)(A). Relevant conduct is a "broad concept" that "includes activities that occurred before the date identified by the indictment as the starting date of the offense." United States v. Burman, 666 F.3d 1113, 1119 (8th Cir. 2012) (citation omitted). "Conduct underlying a prior conviction is not relevant to the instant offense if the former conviction was a 'severable, distinct offense' from the latter." United States v. Weiland, 284 F.3d 878, 881 (8th Cir. 2002) (citation omitted).

The district court determined that Watters had six incidents of relevant conduct and thus enhanced his offense level five units. Watters argues the district court should have only enhanced his offense level four units because his conduct toward victims T.W. and A.L. is irrelevant. Watters procured sexually explicit images of T.W. in person when the two were seventeen and in a romantic relationship. He argues that his conduct toward her was distinct from his 2014 behavior. Additionally, Watters argues that his conduct toward A.L. is irrelevant because it occurred prior to his 2014 offense and the photos were taken in person rather than online. Watters continued to possess the images of T.W. and A.L. until 2014, however, so his conduct "occurred during the commission of the offense of conviction." § 1B1.3(a)(1)(A). Thus, the district court did not clearly err when it made its relevant conduct findings under § 1B1.3(a)(1)(A) and applied that enhancement.

III.

Watters also argues the district court erred in determining his prior conviction for Lascivious Acts with a Child, IOWA CODE § 709.8, qualifies as a predicate offense under 18 U.S.C. § 2252(b)(1). Whether a defendant's prior conviction qualifies as a predicate offense under § 2252(b)(1) is reviewed de novo. United States v. Weis, 487 F.3d 1148, 1151 (8th Cir. 2007).

We need not decide whether the district court erred in determining Watters' prior conviction qualified as a predicate offense because even if the court erred, the error would have been harmless. "When the district court would have imposed the same sentence absent an error, such error is harmless." United States v. Jauron, 832 F.3d 859, 864 (8th Cir. 2016). After sentencing Watters to 240 months, the district court stated: "It is the same decision the Court would have reached even if [defendant's prior conviction] does not qualify to enhance the mandatory minimum or maximum sentence. This sentence was largely driven by, of course, the behavior and the Court's belief in the reasonableness of the Guideline range." Watters'

sentence also was within the mandatory sentence of 5 to 20 years so that any error in the application of the enhancement would be harmless.

## IV.

Accordingly, the judgment of the district court is affirmed.

_____