[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11793
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20627-WPD-1

UNITED STATES OF AMERICA,

Plaintiff -Appellee,

versus

MICHAEL JAMES ARTELLO,

Defendant -Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 3, 2014)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Michael James Artello was convicted on a two-count indictment of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1)[1] ("Count 1"), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2)[2] ("Count 2"), and the District Court sentenced him to

---

[1] 18 U.S.C. § 2252(a)(2) and (b)(1) state, in pertinent part:

(a) Any person who—

. . .

(2) knowingly . . . distributes any visual depiction using any means or facility of interstate or foreign commerce . . . by any means including by computer, [and] . . . the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and . . . such visual depiction is of such conduct;

. . .

(b)(1) Whoever violates, or attempts or conspires to violate, paragraph . . . (2) . . . of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years.

[2] Section 2252(a)(4)(B) and (b)(2) state, in pertinent part:

(a) Any person who—

. . .

(4) . . .

(B) knowingly possesses . . . matter which contain[s] any visual depiction that . . . has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce . . . by any means including by computer, if—

(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(ii) such visual depiction is of such conduct;

shall be punished as provided in subsection (b) of this section.

. . .

2

concurrent prison terms of 120 months, 31 months below the Guidelines range of 151 to 188 months.  He now appeals his convictions and sentences.

In appealing his convictions, Artello argues that the District Court, in accepting his guilty pleas under Federal Rule of Criminal Procedure 11, erred (1) in failing adequately to explain the charged offenses—especially the *mens rea* element of the offenses—and (2) in accepting an insufficient factual basis for the Count 1 offense.  Artello appeals his sentences on the grounds (1) the sentences are procedurally unreasonable—because the District Court miscalculated the offense level under the applicable guideline, U.S.S.G. § 2G2.2, by "double counting" through the use of special offense characteristic § 2G2.2(b)(3)(F), and in not giving him credit under special offense characteristic § 2G2.2(b)(1) for lacking the intent to distribute the child pornography—and (2) the sentences are substantively unreasonable.

Before we consider Artello's arguments, we note that—with the exception of his argument that his sentences are substantively unreasonable—he failed to present his arguments to the District Court in the form of objections; instead, he waited until now, on appeal, to present them.  We therefore consider whether,

---

(b)(2) Whoever violates, or attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title or imprisoned not more than 10 years, or both, but if any visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years.

under Federal Rule of Criminal Procedure 52(b), the "plain-error rule," the District Court committed plain error in failing to recognize the objections on its own initiative and then ruling on them in Artello's favor.

Rule 52(b) states that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). To obtain the reversal of a conviction for plain error, a defendant must show that "there is: '(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.' " *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (citation omitted) (quoting *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785, 152 L. Ed. 2d 860 (2002)) (internal quotation marks omitted).

## I.

To determine whether a district court, in accepting the defendant's plea of guilty, committed plain error that affected the defendant's "substantial rights," we examine "three 'core objectives' of Rule 11." We ask whether the record shows (1) that the plea was voluntary, i.e., free of coercion; (2) that the defendant understood the nature of the charges against him; and (3) that the defendant was aware of the direct consequences of pleading guilty. *United States v. Lejarde–*

4

*Rada,* 319 F.3d 1288, 1289 (11th Cir. 2003).

In his brief, Artello argues that the District Court erred in accepting his

guilty pleas

> because the court failed to ensure a knowing and voluntary decision
> by the defendant in pleading guilty to a child pornography distribution
> and possession charges given that the factual basis offered for the
> offense was entirely lacking in any evidence of distribution and
> lacking also in any evidence of knowing possession, and where the
> district court failed to explain the relevant law concerning the
> distribution count in such a manner that the defendant could
> understand whether to enter a guilty plea.

Appellant's Br. at 11.  We are not persuaded.

Rule 11 required the court, before entering judgment on Artello's guilty

pleas, to determine that there was a factual basis for each plea.  Fed. R. Crim. P.

11(b)(3).[3]   The rule also required the court to inform Artello of the "nature of each

charge to which [he was] pleading."  Fed. R. Crim. P. 11(b)(1)(G).[4]  We turn first

to the factual-basis issue.

Early during the Rule 11 proceeding, the prosecutor summarized the facts

the Government would establish if the case went to trial:

---

[3]  Fed. R. Crim. P. 11(b)(3) states that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."

[4]  Fed. R. Crim. P. 11(b)(1)(G) states, in pertinent part, that

> [b]efore the court accepts a plea of guilty . . . , the court must address the defendant personally in open court [and] must inform the defendant of, and determine that the defendant understands . . .

> (G) the nature of each charge to which the defendant is pleading.

> On August 16th of 2012, agents of the United States Immigration & Customs Enforcement executed a search warrant at the residence of Michael Artello, the defendant. On the defendant's Dell Inspiron laptop computer, agents discovered approximately 418 unique movie files and 257 image files, which involved the use of minors engaged in sexually explicit conduct, and which depicted minors engaged in such conduct.   All of the images travelled in interstate or foreign commerce, including over the Internet.  The defendant admitted that he used the peer-to-peer sharing program FrostWire to download child pornography.

Artello admitted these facts, and properly so.  They show that he *distributed* the pornography through his use of the peer-to-peer file-sharing program.  That program's purpose is to facilitate the distribution of files between its users.  *See United States v. Spriggs*, 666 F.3d 1284, 1287 (11th Cir. 2012) (holding that the Government proves distribution of child pornography when it demonstrates that a defendant has knowingly used file-sharing program when there is child pornography on his computer); *see also United States v. Chiaradio*, 684 F.3d 265, 282 (1st Cir. 2012) ("When an individual consciously makes files available for others to take and those files are in fact taken, distribution has occurred."); *United States v. Shaffer*, 472 F.3d 1219, 1223–24 (10th Cir. 2007) (holding that a defendant distributes child pornography where he possesses child pornography on his computer and utilizes a peer-to-peer filing sharing program).  The facts the prosecutor recited also show that Artello *possessed* the child pornography on his laptop.  In sum, the court had adequate factual bases on which to adjudicate Artello's guilt on both counts of the indictment.

6

Turning to the nature of the charges—in particular, the Count 1 distribution charge—we conclude that the court ensured that Artello knew the nature of the offense. The court was aware that Artello is well-educated and that his lawyer had prepared him for the Rule 11 proceeding. He came to court fully cognizant of what lay ahead.

The District Court adequately and repeatedly informed Artello of the relatively simple child pornography possession and distribution charges brought against him. Artello stated that he was thoroughly aware of what the indictment alleged, that it charged him in Count 1 with violating § 2252(a)(2) by

> knowingly distribut[ing] any visual depiction, using any means and facility of interstate and foreign commerce and that has been shipped and transported in interstate and foreign commerce by any means, including by computer, and the production of such visual depiction involved the use of a minor engaged in sexually explicit conduct,

and, in Count 2, with violating 18 U.S.C. § 2252(a)(4)(B) by

> knowingly possess[ing] matter, that is, a Dell laptop computer, which contained any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, by any means, including by computer, and which was produced using material which have been so shipped and transported, by any means, including by computer, and the production of such visual depiction having involved the use of a minor engaged in sexually explicit conduct . . . and such visual depiction was of such conduct.

Thus, the indictment clearly laid out the elements of Artello's two offenses, including *mens rea*. In addition, during the plea colloquy, the District Court went

7

over the indictment and the elements to ensure that Artello understood what the Government had to prove.  In response, Artello stated that he understood the charges and that he had no questions about them.

After reviewing the plea colloquy, we are satisfied that Artello's guilty pleas were made knowingly and voluntarily and that the District Court did not err, much less commit plain error, in accepting them.

## II.

As noted above, Artello did not object to his sentences as procedurally unreasonable on the ground that the District Court misapplied the Guidelines— specifically, the special offense characteristics of U.S.S.G. § 2G2.2.  A sentence is procedurally unreasonable if the district court misapplies the Guidelines by failing to calculate or improperly calculating the Guidelines range.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007).  Because Artello failed to object to the court's application of § 2G2.2, and thus to the court's calculation of the Guidelines range, we review the application for plain error.[5]

The guideline for the Count 1 and 2 offenses is U.S.S.G. § 2G2.2.  The base offense level applicable here is found at § 2G2.2(a)(2) and is 22.  The specific offense characteristics that were applied in this case were

---

[5] We review the district court's application and legal interpretations of the sentencing guidelines *de novo* and the district court's factual determinations for clear error.  *United States v. Zaldivar*, 615 F.3d 1346, 1350 (11th Cir. 2010).

(b) Specific Offense Characteristics

(1) If (A) subsection (a)(2) applies; (B) the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and (C) *the defendant did not intend to* traffic in, or *distribute, such material, decrease by 2 levels.*

(2) If the material involved a prepubescent minor or a minor who had not attained the age of 12 years, increase by 2 levels.

(3) *(Apply the greatest) If the offense involved*:
. . .

> *(F) Distribution other than distribution described in subdivisions (A) through (E), increase by 2 levels.*

(4) If the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, increase by 4 levels. . . .

(6) *If the offense involved the use of a computer* or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material, increase by 2 levels.

(7) If the offense involved—
. . .

> (D) 600 or more images, increase by 5 levels.

U.S.S.G. § 2G2.2 (emphasis added).

Both counts of the indictment allege that Artello violated § 2252(a) "by any means, including by computer." Since use of a computer is an element of the offenses and included in the § 2G2.2 base offense level, the court purportedly erred in increasing that level pursuant to § 2G2.2(b)(6). And since the distribution of child pornography is an element of the Count 1 offense, the court erred in

9

enhancing the base offense level pursuant to § 2G2.2(b)(3)(F).  Both errors, he contends, amounted to "double counting."

"Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Dudley*, 463 F.3d 1221, 1226–27 (11th Cir. 2006) (internal quotation marks omitted).  We presume that separate guidelines sections apply cumulatively, "unless specifically directed otherwise."  *Id.* at 1227 (internal quotation marks omitted).

The problem Artello faces in arguing that the District Court committed plain error in enhancing the base offense level as indicated above is that he points to no controlling precedent or Guideline or statutory provision—and we are aware of none—that would have placed the court on notice that it could not enhance the base offense level with the challenged specific offense characteristics as it did.  Accordingly, the District Court did not commit plain error.

Nor did the court err in denying Artello an offense level reduction of two levels pursuant to § 2G2.2(b)(1).  That section provides for the reduction if the defendant only solicited, or sought to receive, child pornography.  To receive this reduction, Artello, whose burden it was to prove the applicability of the reduction, *see United States v. Belfast*, 611 F.3d 783, 824 (11th Cir. 2010); *United States v.*

*Zaldivar*, 615 F.3d 1346, 1352 (11th Cir. 2010), had to show that his conduct was limited to the receipt or solicitation of child pornography.  U.S.S.G § 2G2.2(b)(1)(B).  He failed to do that.

In sum, we find no procedural unreasonableness here.  We therefore move to the question of whether Artello's sentences are substantively unreasonable.

### III.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (*en banc*).  The district court must impose a sentence that is not greater than necessary to satisfy the objectives listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct and protect the public from the defendant's future criminal conduct.  In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  18 U.S.C. § 3553(a)(1), (3)–(7).

Artello bears the burden of showing that his sentences are unreasonable in light of the § 3553(a) factors and the facts of the case, *United States v. Talley*, 431

11

F.3d 784, 788 (11th Cir. 2005), and the totality of the circumstances, *Irey*, 612 F.3d at 1189.  We vacate a district court's sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors."  *Id.* at 1190 (internal quotation marks omitted).  We "ordinarily . . . expect" that a sentence imposed within the guideline range will be substantively reasonable.  *Talley*, 431 F.3d at 788.  A sentence imposed well below the statutory maximum penalty also indicates substantive reasonableness.  *See United States v. Gonzales*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was substantively reasonable in part because it was well below the statutory maximum penalty).

Artello's sentences were substantively reasonable in light of the record and the § 3553(a) factors.  Artello argues that the District Court did not give enough consideration to his arguments regarding his personal characteristics and the fundamental problems with the child pornography sentencing guidelines.  The weight accorded any one factor is left to the court's discretion, *Irey*, 612 F.3d at 1190, and Artello has shown no abuse of that discretion.  Additionally, the sentences were below the applicable guideline range and well below the statutory maximum penalty, which indicates reasonableness.  *Talley*, 431 F.3d at 788; *Gonzales*, 550 F.3d at 1324.

For the foregoing reasons, Artello's convictions and sentences are

AFFIRMED.