[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14919

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-14013-JEM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY HOWARD SPRIGGS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 10, 2012)

Before WILSON and COX, Circuit Judges, and RESTANI,* Judge.

_____

*Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

WILSON, Circuit Judge:

Appellant Timothy Spriggs pled guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). At sentencing, over Spriggs's objection, the district court applied a five-level enhancement for distribution of illicit images for the receipt, or expectation of receipt, of a non-pecuniary thing of value. *See* U.S. SENTENCING GUIDELINES MANUAL § 2G2.2(b)(3)(B) (2010). Spriggs argues that no evidence supports application of the enhancement. We vacate the sentence and remand because, although we find evidence that Spriggs distributed illicit images, there is insufficient evidence to support the other elements of the five-level enhancement.

The district court's factual findings are reviewed for clear error, and its application of those facts to justify a sentencing enhancement is reviewed de novo. *United States v. Walker*, 490 F.3d 1282, 1299 (11th Cir. 2007).

I.

Spriggs downloaded child pornography through use of a peer-to-peer file-sharing program named Shareaza 2.0. The copy of Shareaza 2.0 on Spriggs's computer was configured to allow peers to download files from his computer. Law enforcement was unsuccessful when it attempted to download Spriggs's files,

2

and at sentencing no direct evidence was presented that other users downloaded

files from Spriggs's child-pornography collection.

Detective Brian Broughton testified at Spriggs's sentencing hearing.  He

explained that the default settings on Shareaza 2.0 automatically provided for

reciprocal sharing and required additional steps if a user did not want to share files

with others using the program.  Most of Spriggs's child-pornography collection

was located in a shared folder that could be accessed by other Shareaza users.  The

detective also described the possible benefits of sharing files:

> In many of the software suites that are out there, if you are sharing,
> sometimes that elevates you to a higher status as it relates if you're looking
> for a file that belongs to somebody and you happen to be sharing a large
> amount of files, you'll move up higher in the queue and be able to download
> somebody quicker than somebody who is, let's say not sharing as many files
> or maybe has file sharing turned off.

Still, Detective Broughton never testified that Shareaza 2.0, in particular, provided

users a benefit, such as faster downloading capabilities, when they enabled file

sharing.

The district court applied the five-level enhancement, reasoning that Spriggs

distributed child pornography with the expectation that he would receive either

more child pornography or the ability to obtain downloads faster.

II.

A.

Spriggs argues that no distribution enhancement can be applied because the government did not introduce evidence that other Shareaza users downloaded his files. But to establish distribution, the government does not need to prove that another user actually downloaded a file from Spriggs's computer. The commentary to the Guidelines defines distribution as "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." U.S. SENTENCING GUIDELINES MANUAL § 2G2.2 cmt. n.1. The commentary further elaborates that posting illicit images on a publicly accessible website qualifies as distribution. *Id.* Allowing files to be accessed on the Internet by placing them in a file sharing folder is akin to posting material on a website for public viewing. When the user knowingly makes the files accessible to others, the distribution is complete.

The record supports a conclusion that Spriggs knowingly installed Shareaza 2.0 with an understanding that it enabled other users to access files on his computer. During the installation process, a Shareaza 2.0 user is prompted to choose whether to share files. Spriggs installed Shareaza 2.0 on two operating systems (Windows XP and Vista), and file sharing was enabled on each system.

Additionally, during a forty-minute interview with Detective Broughton, Spriggs mentioned three times that he used Shareaza 2.0 to both download and upload files. Thus, we find no clear error in the district court's implicit finding that Spriggs understood that Shareaza 2.0 enabled other users to access his files.

B.

Spriggs distributed child pornography, but more is required to apply the five-level enhancement under § 2G2.2(b)(3)(B): the distribution must be "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." U.S. SENTENCING GUIDELINES MANUAL § 2G2.2(b)(3)(B). The commentary to the Guidelines further explains that the enhancement applies when child pornography is used in "any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit." U.S. SENTENCING GUIDELINES MANUAL § 2G2.2 cmt. n.1. A "thing of value" is defined as "any valuable consideration." *Id.* The courts are bound by the commentary to the Guidelines unless the notes contradict the plain meaning of the text of the Guidelines. *See United States v. Wilks*, 464 F.3d 1240, 1245 (11th Cir. 2006) (per curiam). We find no contradiction. Therefore, the expectation of receiving a thing of value must be understood in the context of a "transaction" conducted for "valuable consideration."

The Eighth Circuit applies the five-level enhancement if the defendant "expected to receive a thing of value—child pornography—when he used the file-sharing network to distribute and access child pornography files.'" *United States v. Stultz*, 575 F.3d 834, 849 (8th Cir. 2009). Because file-sharing programs enable users to swap files, the court reasoned that no additional evidence is needed to establish the type of transaction contemplated in the Guidelines.

We have a different view, however, of the function and operation of file-sharing programs than that of the Eighth Circuit. File-sharing programs exist to promote free access to information. Generally, they do not operate as a forum for bartering. For example, file-sharing programs permit a person to access shared files on peer computers regardless of whether the person in turn shares his files. The files are free. Because the transaction contemplated in the Guidelines is one that is conducted for "valuable consideration," the mere use of a program that enables free access to files does not, by itself, establish a transaction that will support the five-level enhancement. Accordingly, we disagree with the approach taken by the Eighth Circuit.

The district court here justified the enhancement first by explaining that Spriggs shared his illicit images with the hope of receiving more pornography. We have applied the enhancement when a defendant traded child pornography in

6

exchange for other pornography. *United States v. Bender*, 290 F.3d 1279, 1286 (11th Cir. 2002). Child pornography can be a thing of value, but Spriggs's hope that a peer would reciprocate his generosity does not amount to a transaction conducted for "valuable consideration."

We have found no evidence that Spriggs entered into a transaction in which he shared his child pornography to gain access to another user's pornography. Even if another user accessed Spriggs's files—and there is no evidence to establish any person did—it would not necessarily be a transaction conducted for "valuable consideration." Without evidence that Spriggs and another user conditioned their decisions to share their illicit image collections on a return promise to share files, we cannot conclude there was a transaction under which Spriggs expected to receive more pornography.

The district court also reasoned the enhancement was appropriate because Spriggs expected to receive faster downloading capabilities when he shared files. Presumably the transaction was between Spriggs and the software developers. But significant deficiencies in the record convince us that the government did not meet its burden of proof, and therefore the enhancement was applied in error.

On the record before it, the district court could not conclude that Shareaza 2.0 gives priority downloading capabilities to users who share files. On this issue,

7

Detective Broughton only testified about file-sharing programs generally. He gave no indication whether he knew Shareaza 2.0 offered the benefit. And the government presented no additional evidence to support its position that Shareaza 2.0 gave Spriggs faster downloading capabilities when he shared files. The evidence is thus insufficient to support the district court's implicit finding that Spriggs shared files in exchange for faster downloading capabilities. *See Lincoln v. Bd. of Regents of the Univ. Sys. of Ga.*, 697 F.2d 928, 939 (11th Cir. 1983) (explaining that deference to the district court is not unlimited, and we will reverse a finding if the record lacks substantial evidence to support it).

Because the record does not support the conclusion that Spriggs entered a transaction in which he distributed child pornography for receipt, or expectation of receipt, of a thing of value, we **VACATE** the sentence and **REMAND** for resentencing consistent with this opinion.