[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12854
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00216-RBD-KRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN WARING,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 4, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Steven Waring appeals his 150-month sentence for 1 count of possession of child pornography, in violation of 18 U.S.C. § 2552A(a)(2)(A) and (b)(1), and 1 count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Waring argues the district court plainly erred by applying a five-level sentencing enhancement for distribution of child pornography for the receipt, or expectation of receipt, of a thing of value.

When a defendant does not raise a particular argument below, we review only for plain error. *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). To establish plain error, the defendant must show (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* For an error to be considered "plain" for purposes of plain-error review, "it is enough that the error was plainly established under the law at the time of appellate review." *United States v. Pantle*, 637 F.3d 1172, 1175 (11th Cir. 2011).

For an error to affect substantial rights, "in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 113 S. Ct. 1770, 1778 (1993). "Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant."

2

*United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005). "The important function of the third prong of the plain error test is to prevent a remand for additional proceedings where the defendant, who failed to make a timely objection, cannot show that there is a reasonable probability that a do-over would more likely than not produce a different result." *Id.* at 1302.

Section 2G2.2(b)(3)(B) of the Sentencing Guidelines authorizes a five-level enhancement when the defendant engaged in the distribution of child pornography "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(3)(B). In early January 2012, following the preparation of the PSI in this case, we issued two decisions explaining the proper application of this enhancement. In *United States v. Spriggs*, 666 F.3d 1284, 1286–87 (11th Cir. 2012), the defendant downloaded child pornography using Shareaza 2.0, a peer-to-peer file-sharing program, which had a default setting that allowed others to download files from the defendant's computer. We held the enhancement was misapplied because there was no evidence the defendant and "another user conditioned their decisions to share their illicit image collections on a return promise to share files," and noted that a mere "hope of receiving more pornography" is insufficient to justify the enhancement. *Id.* at 1288. In *United States v. Vadnais*, 667 F.3d 1206, 1207 (11th Cir. 2012), the defendant used

3

LimeWire, a peer-to-peer file-sharing program, which also had a default setting that automatically placed downloaded files into a shared files folder.  We held the enhancement was inapplicable because the defendant merely installed and used LimeWire to download child pornography in a manner that permitted other users to obtain his shared child pornography files.  *Id.* at 1209.  We stated "more must be required for the five-level enhancement;" there must be direct or circumstantial evidence that the defendant "reasonably believed" he would receive something of value by making his child pornography files available for others to download.  *Id.*

Based on *Spriggs* and *Vadnais*, Waring can satisfy the first two prongs of the plain error test.  The record is devoid of facts that would justify application of the § 2G2.2(b)(3)(B) enhancement, as there was no evidence Waring reasonably believed he would receive something of value in exchange for making his child pornography videos available for distribution through a peer-to-peer network. *Vadnais*, 667 F.3d at 1209.  Moreover, the error was plainly established at the time of appellate review.  *Pantle*, 637 F.3d at 1175.  Waring cannot, however, meet his burden of persuasion with regard to the third prong of the plain-error test. *Rodriguez*, 398 F.3d at 1300.  If Waring were to be resentenced, his guideline range would be 151 to 188 months, instead of 210 to 262 months.  He received a sentence of 150 months, and there is no evidence suggesting the district court

4

would have gone lower, especially in light of the court stressing the need for deterrence, the alarming scope of the offense, and the impact of Waring's crimes on the child victims.  Further, Waring received a 15-year supervised release term, which is 3 times the statutory minimum.  Accordingly, Waring "cannot show that there is a reasonable probability that a do-over would more likely than not produce a different result."  *Id.* at 1302.

**AFFIRMED.**