[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10499
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cr-10007-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus


MICHAEL MARAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 25, 2013)

Before CARNES, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Jason Maran appeals his 293-month sentence for distribution and possession

of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B).

Maran contends that the district court erred by applying a five-level sentencing enhancement under § 2G2.2(b)(3) of the United States Sentencing Guidelines for distributing child pornography for the receipt, or expectation of receipt, of a thing of value.  Specifically, he asserts that there was no evidence that he did more than gratuitously share images of child pornography with no expectation of receiving anything in return.

We review a district court's factual findings for clear error and its application of those facts to justify a sentencing enhancement de novo.  United States v. Spriggs, 666 F.3d 1284, 1286 (11th Cir. 2012).  Section 2G2.2(b)(3)(B) provides for a five-level sentencing enhancement where a defendant engages in the distribution of child pornography "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain."  U.S.S.G. § 2G2.2(b)(3)(B).  The provision applies to any type of "bartering or other in-kind transaction" for valuable consideration, such as the exchange of child pornography.  Id. § 2G2.2(b)(3)(B), comment. n.1.  Thus, "when a defendant trades child pornography in exchange for other child pornography, the defendant has engaged in distribution for the receipt, or expectation of receipt, of a thing of value." United States v. Bender, 290 F.3d 1279, 1286 (11th Cir. 2002) (quotation marks omitted).

But simply making child pornography available to other individuals, without anticipating anything in return, is not sufficient to warrant application of the enhancement.  In United States v. Vadnais, 667 F.3d 1206, 1209 (11th Cir. 2012), which Maran heavily relies on, we held that the mere use of a peer-to-peer file-sharing network to download child pornography, which by default allows other users to access those same images, does not support the application of a § 2G2.2(b)(3)(B) enhancement absent "some other evidence, whether direct or circumstantial, that [the] defendant reasonably believed that he would receive something of value by making his child pornography files available for distribution . . . ."  Such evidence, we elaborated, "must show the connection between the defendant's distribution and the receipt or expectation of receipt of a thing of value."  Id.  In other words, the government must present some evidence that the defendant "shared his child pornography to gain access to another [person's] pornography" or conditioned his decision to make such images available "on a return promise to share files."  Spriggs, 666 F.3d at 1288.

There was such evidence in this case and, for that reason, the district court did not err in applying the five-level sentencing enhancement mandated by § 2G2.2(b)(3)(B).  Unlike the circumstances in Vadnais, Maran engaged in a one-on-one email exchange of child pornography with another person and admitted on numerous occasions that he "traded" child pornography online.  Maran

3

acknowledged at his plea hearing that, in response to an email request to trade child pornography, he directed his correspondent to "send him [an] index sheet" of illicit images in exchange for another set of images, which he later sent to the correspondent after receiving several images of child pornography. Maran also admitted to law enforcement agents, a probation officer, and in his written acceptance-of-responsibility statement that he amassed his collection of child pornography by trading images and videos with other people via email. Maran's conduct, his admissions, and his consistent use of the word "trade" to describe his interactions with other child pornography collectors were sufficient to support a determination that he distributed child pornography with the reasonable expectation or belief of receiving child pornography in return, not simply that he gratuitously shared those illicit images with others. Accordingly, we affirm Maran's sentence.

**AFFIRMED.**

4