[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15578
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20348-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCO HERNAN RIVAROLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 21, 2014)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Franco Hernan Rivarola appeals his 97-month sentence, imposed after he

pleaded guilty to possession of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).  On appeal, Rivarola argues that the district court erred in imposing a two-level enhancement, pursuant to U.S.S.G. § 2G2.2(b)(3)(F), for distribution of child pornography.  Rivarola also argues that his sentence was procedurally and substantively unreasonable.

Upon review of the record and consideration of the parties' briefs, we affirm.

## I.

Rivarola argues that the U.S.S.G. § 2G2.2(b)(3)(F) distribution enhancement requires evidence of a defendant's knowledge of how a file sharing network operates or intent to share child pornography files, and that his use of such a network on a default setting that enabled other users to access his child pornography files was insufficient to support the enhancement.

We review sentencing issues raised for the first time on appeal for plain error.  *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009).  An error is plain if it is obvious and clear under current law.  *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993).

Under the invited error doctrine, we will not review an error that a defendant induced or invited the district court into making.  *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).  Further, we have often applied the doctrine

2

when a party affirmatively stipulates to a course of action in the district court. *See, e.g.*, *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (invited error when party expressly acknowledged that the court could impose supervised release); *United States v. Thayer*, 204 F.3d 1352, 1355 (11th Cir. 2000) (invited error when party said it had no objection in response to question from court of whether certain evidence was admissible). The doctrine is generally based on the idea that a defendant should not benefit from assenting to a course of action in the district court as a strategic decision and complaining when that strategy fails. *United States v. Jernigan*, 341 F.3d 1273, 1290 (11th Cir. 2003).

Distribution of child pornography is a specific offense characteristic triggering a two-level sentencing enhancement. U.S.S.G. § 2G2.2(b)(3)(F). The guideline application notes define distribution as:

> any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

U.S.S.G. § 2G2.2 cmt. 1. Neither we nor the Supreme Court have held that a defendant's use of a file sharing network in default mode, where downloaded child pornography files are placed in a shared folder and accessed by others on the network, must categorically be accompanied by evidence of knowledge or intent in order to trigger this enhancement. In fact, one of our prior decisions suggests,

3

albeit in dicta, that such default use might be sufficient. *See United States v. Vadnais*, 667 F.3d 1206, 1209-10 (11th Cir. 2012) (stating, in dicta, that the record clearly supported the enhancement, where the defendant used a file sharing program in default mode and did not dispute that the enhancement applied); *but see United States v. Spriggs*, 666 F.3d 1284, 1287 (11th Cir. 2012) (suggesting, in dicta, that the enhancement requires a showing of knowledge, at least where there is no evidence that other users actually downloaded the defendant's files).

Under the invited error doctrine, we are precluded from considering Rivarola's argument because he affirmatively stipulated to the sentencing enhancement of which he now complains. *Love*, 449 F.3d at 1157. Rivarola objected to the original presentence investigation report's ("PSI") five-level distribution enhancement (U.S.S.G. § 2G2.2(b)(3)(B)) for distribution for the receipt, or expectation of receipt, of a thing of value, which the revised PSI replaced with the two-level distribution enhancement (U.S.S.G. § 2G2.2(b)(3)(F)). Then, at the sentencing hearing, Rivarola stated that no objections survived the revised PSI and that the parties agreed the two-level enhancement should apply. Moreover, Rivarola attempted to use the enhancement's application strategically in arguing for a downward variance on the basis that this and other enhancements were applicable in most child pornography cases and thus the guideline range overstated his culpability. *Jernigan*, 341 F.3d at 1290.

4

Even if we were to consider Rivarola's argument, it would fail under plain error review, because it is not obvious and clear under current law that the two-level distribution enhancement must be supported by a showing of a defendant's knowledge or intent.

## II.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

We first ensure that the sentence is procedurally unreasonable, determining whether the district court erred in calculating the guideline range, treated the Sentencing Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the sentence. *Id.* The district court is generally not required to explicitly discuss each of the § 3553(a) factors—its consideration of the defendant's arguments at sentencing and statement that it took the factors into account is sufficient. *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009). Further, the district court's failure to explicitly discuss mitigating evidence presented by the defendant does not render a sentence unreasonable where it indicates it considered all the § 3553(a) factors. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

5

After determining procedural reasonableness, we examine whether a sentence was substantively reasonable in light of the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. We will reverse only if left with the firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

6

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743, 747 (11th Cir. 2007). Further, we accord an ordinary expectation of reasonableness to a sentence within the guideline range. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Rivarola's sentence was procedurally reasonable. The district court explicitly recognized Rivarola's motion for a downward variance; considered all the § 3553(a) factors, Rivarola's arguments, and the Sentencing Commission report he submitted in support of them; and denied his motion. *Sanchez*, 586 F.3d at 936. The court also explicitly discussed Rivarola's history and characteristics by citing his lack of a criminal record. Because the court indicated that it considered all the § 3553(a) factors, it did not need to explicitly discuss mitigating evidence presented by Rivarola. *Amedeo*, 487 F.3d at 833.

Rivarola's sentence was also substantively reasonable. Although the district court may not have weighed certain factors as much as Rivarola desired, its decision to weigh other factors more heavily, including the seriousness of the offense, was within its sound discretion. *Clay*, 483 F.3d at 743. Likewise, because Rivarola's offense was committed over a period of 8 months and he possessed a large number (approximately 50) of child pornography files with heinous content, it was within the district court's sound discretion to determine that, contrary to

7

Rivarola's claims, his offense was severe and his conduct was egregious. *Irey*, 612 F.3d at 1190.

For the above reasons, we affirm Rivarola's sentence.

**AFFIRMED.**