**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jefferson SANCHEZ, Defendant–**
**Appellant.**

**No. 15–13161**
**Non–Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

Date Filed: 07/25/2016

Amit Agarwal, Stephen Schlessinger, Wifredo A. Ferrer, Daren Grove, Jonathan E. Kobrinski, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Andrew L. Adler, Federal Public Defender's Office, Fort Lauderdale, FL, Michael Caruso, Federal Public Defender, Paul Michael Rashkind, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before ED CARNES, Chief Judge, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Law enforcement officers executed a search warrant at Jefferson Sanchez's residence after determining that someone there was using a peer-to-peer file-sharing program to access and share child pornography. During the search, the officers discovered a laptop with the Ares file-sharing program and child pornography videos on it. After the search, Sanchez admitted that he had been downloading and viewing child pornography for years using the Ares network, and that he did so for his sexual gratification. He eventually pleaded guilty to receiving child pornography.

In calculating Sanchez's guidelines range at sentencing, the district court applied a two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F) to account for the fact that Sanchez's offense involved distributing child pornography. Sanchez insisted that the enhancement did not apply to him because he had not known that, by using the Ares program, he was distributing child pornography to other Ares users. The district court rejected that argument, relying on the holding in United States v. Creel, 783 F.3d 1357, 1360 (11th Cir. 2015), that, for purposes of § 2G2.2(b)(3)(F), "distribution" does not include a mens rea element.

The district court also declined to apply a two-level reduction under U.S.S.G. § 2G2.2(b)(1). That guideline applies only if, among other things, "the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor." Because Sanchez's offense involved distribution, the district court concluded, § 2G2.2(b)(1) did not apply. Sanchez contends that the district court erred in applying § 2G2.2(b)(3)(F) and in not applying § 2G2.2(b)(1).

The district court did not err in applying the § 2G2.2(b)(3)(F) enhancement. That is because, as we held in Creel, the enhance-

ment does not include a <u>mens</u> <u>rea</u> requirement. 783 F.3d at 1360. Instead, it applies to all defendants who have distributed child pornography, regardless of whether they knew they were doing so. <u>Id.</u> There is no question Sanchez distributed child pornography when he used the Ares program. Accordingly, the § 2G2.2(b)(3)(F) enhancement applies to him.

Sanchez contends that <u>Creel</u> is bad law and that we should instead follow language from <u>United States v. Spriggs</u>, 666 F.3d 1284, 1287 (11th Cir. 2012), suggesting that, for purposes of § 2G2.2(b)(3)(F), "distribution" occurs "[w]hen the user [of a file sharing program] knowingly makes the files [on his computer] accessible to others." As we explained in <u>Creel</u>, however, that part of <u>Spriggs</u> is dictum and therefore not binding on this Court. <u>See</u> <u>Edwards v. Prime, Inc.</u>, 602 F.3d 1276, 1298 (11th Cir. 2010). Our prior panel precedent rule means we must follow the holding in <u>Creel</u>. <u>See</u> <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).

Sanchez points out that the Sentencing Commission recently proposed an amendment to § 2G2.2(b)(3)(F) that would effectively codify the dictum from <u>Spriggs</u> and abrogate the holding from <u>Creel</u>. That is true but irrelevant because the amendment is only proposed and has not yet been adopted. And it might not be retroactively applicable anyway. <u>See</u> <u>United States v. Jerchower</u>, 631 F.3d 1181, 1184 (11th Cir. 2011) (substantive amendments to the guidelines do not apply retroactively on direct appeal). The 2014 version of the guidelines applies to Sanchez because that is the version under which he was sentenced. And that version, as interpreted in <u>Creel</u>, does not include a <u>mens</u> <u>rea</u> element in § 2G2.2(b)(3)(F).

Our holding that we must follow <u>Creel</u> means we need not address Sanchez's remaining arguments about the district court's application of the guidelines. He waived those arguments by conceding (rightly) that, "If this Court ... considers itself bound by <u>Creel</u> instead of <u>Spriggs</u>, then that would obviate [his] remaining arguments as to both the enhancement [under § 2G2.2(b)(3)(F) ] and the two-level reduction" under § 2G2.2(b)(1).

**AFFIRMED.**