[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10806

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RASAAN LARRIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00240-JPB-JSA-1

_____

Before NEWSOM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Rasaan Larrier appeals his sentence of 72 months' imprisonment with 5 years of supervised release. He contends the district court erred in considering unreliable hearsay evidence to impose a 6-level enhancement, pursuant to U.S.S.G. § 2A3.5(b)(1)(A). He asserts the evidence presented by the Government was not sufficiently reliable, and the court's *Keene*[1] finding did not mean that the alleged error was harmless as it still affected his substantial rights. After review,[2] we affirm.

Under § 2A3.5(b)(1)(A), the court should apply a 6-level enhancement if the defendant committed a sex offense against someone other than a minor while in failure to register status. We have recognized it is not necessary to decide Guidelines issues or remand cases for new sentencing proceedings where the Guidelines error, if any, did not affect the sentence. *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). This rule allows us to avoid "pointless reversals and unnecessary do-overs of sentence proceedings." *Id.* We need not review a Guidelines issue when (1) the district court states that it would have imposed the same sentence, even absent

---

[1] *United States v. Keene*, 470 F.3d 1347 (11th Cir. 2006).

[2] We review district court findings of fact for clear error and application of the Sentencing Guidelines *de novo*. *United States v. Spriggs*, 666 F.3d 1284, 1286 (11th Cir. 2012). We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

an alleged error, and (2) the sentence is substantively reasonable. *Id.* The party challenging the sentence bears the burden of showing that the sentence is unreasonable considering the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

We examine whether a sentence is substantively reasonable considering the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court must consider several sentencing factors, including the nature of the offense, the defendant's character and history, and the need for the sentence imposed to reflect the seriousness of the offense, protect the public, and deter criminal conduct. 18 U.S.C. § 3553(a). A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). We will vacate on substantive reasonableness grounds only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190.

Any alleged error by the district court in calculating the Guidelines range is harmless because the court stated it would have imposed the same sentence, even if it committed a Guidelines

error, and Larrier's sentence is substantively reasonable. *See Keene*, 470 F.3d at 1349. The court relied on the § 3553(a) factors to determine Larrier's sentence. The court considered both aggravating and mitigating circumstances, such as Larrier's traumatic upbringing and his criminal history. *See Rosales-Bruno*, 789 F.3d at 1256. It found Larrier's predatory actions towards women required specific and general deterrence. While Larrier contends *Molina-Martinez* requires more analysis into whether an alleged Guidelines error affects an individual's substantial rights than a simple statement indicating the sentence would be the same, Larrier fails to show the court did not engage in that analysis here. He also fails to show the court did not consider relevant factors that were due significant weight, gave an improper or irrelevant factor significant weight, or committed a clear error of judgment by balancing the proper factors unreasonably. *See Irey*, 612 F.3d at 1189.

We affirm Larrier's sentence.

**AFFIRMED.**