[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12802

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANIEL CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cr-80208-AMC-1

_____

Before Luck, Anderson, and Dubina, Circuit Judges.

PER CURIAM:

Appellant Daniel Clark appeals his sentence of 85 months' imprisonment following his conviction for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. On appeal, Clark argues that the district court erred by failing to state adequately the 18 U.S.C. § 3553(a) factors it relied upon in determining his sentence, specifically by failing to explain why it accepted both the U.S.S.G. § 5K1.1 substantial assistance departure and a variance based on the pending amendment to U.S.S.G. § 4C1.1 but imposed a sentence higher than his adjusted guideline range. Having read the parties' briefs and reviewed the record, we affirm Clark's sentence.

## I.

We review the district court's findings of fact for clear error and application of the Sentencing Guidelines *de novo*. *United States v. Spriggs*, 666 F.3d 1284, 1286 (11th Cir. 2012). However, if a party does not raise an argument of procedural reasonableness before the district court, as is the case here, we ordinarily review for plain error. *United States v. Rodriguez*, 75 F.4th 1231, 1241 (11th Cir. 2023). Specifically, we review for plain error an unpreserved challenge that a district court failed to explain the sentence imposed as required by 18 U.S.C. § 3553(c). *United States v. Steiger*, 99 F.4th 1316, 1322 (11th Cir. 2024) (*en banc*). To prevail under the plain-error standard, the defendant must show: (1) an error occurred; (2) the

error was plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. at 1324. Error is plain where the district court's ruling directly contradicts the explicit language of a statute or rule, or binding precedent from the Supreme Court or our court. *See Rodriguez*, 75 F.4th at 1241.

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing: reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter future criminal conduct, protect the public, and provide the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent public policy statement, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and the need to provide restitution to any victims. *Id*.

A sentence is procedurally unreasonable if the district court fails to consider the § 3553(a) factors or to explain sufficiently the chosen sentence. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). Although the district court must consider the § 3553(a) factors, it need not state on the record that it has explicitly considered each of the § 3553(a) factors nor must the district court discuss each factor. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir.

2013).  "A district court's explanation of a sentence may be brief and may derive substance from the context of the record, the defendant's history and characteristics, and the parties' arguments." *United States v. Hamilton*, 66 F.4th 1267, 1275 (11th Cir. 2023).  The sufficiency of the district court's deliberations may be ascertained from the full transcript of the sentencing hearing, taken together with the court's closing remarks.  *Id.*

A district court may depart downward "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense."  U.S.S.G. § 5K1.1.  After the government has made a motion for downward departure pursuant to U.S.S.G. § 5K1.1, the district court ultimately determines whether and to what extent it will depart from the Guidelines.  *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008).  "Because § 5K1.1 is silent as to the methodology to be used in determining the extent of a substantial assistance departure, the government has discretion in recommending a methodology, and the district court has discretion in deciding what methodology to use once it grants a motion for departure."  *United States v. Hayes*, 762 F.3d 1300, 1303 (11th Cir. 2014).

The government must establish the drug quantity attributable to a defendant by a preponderance of the evidence.  *United States v. Reeves*, 742 F.3d 487, 506 (11th Cir. 2014).  When the quantity of drugs seized does not adequately reflect the scale of the offense, the district court must estimate the drug quantity

attributable to the defendant. *Id.* In making such an estimate, the district court may rely on evidence showing the average frequency and amount of a defendant's drug sales over a specific period of time. *Id.* Where a defendant fails to object to facts contained in the presentence investigation report, those facts are deemed admitted for sentencing purposes. *See United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005).

Clark argues that the district court effectively denied him the benefit of the substantial assistance departure by varying upward from the recalculated guideline range. The record indicates, however, that the district court did grant the government's motion for substantial assistance and was not precluded from varying outside the guideline range based on its granting of the motion. *See Hayes*, 762 F.3d at 1303. After granting Clark's unopposed motion for relief under the zero-point offender amendment, the district court noted that the guideline range was reduced to 70-87 months. Then, the district court reduced it by 20 percent based on Clark's substantial assistance, which placed the guideline range from 56 to 70 months. Thus, contrary to Clark's assertion, the district court did grant the government's motion for substantial assistance.

Furthermore, the district court did not procedurally err in imposing Clark's sentence because it adequately considered and explained the § 3553(a) factors. The record shows that the district court considered the parties' arguments, the full record, Clark's sentencing memorandum, and the § 3553(a) factors before it imposed Clark's sentence. The district court specifically noted the

seriousness of the offense by commenting on the length of the con-spiracy, the significant quantities of drugs involved, and the very serious nature of the conspiracy. The district court also noted the danger to the public by the distribution of a large number of drugs. Thus, based on the record, we conclude that the district court did not err when it imposed a 15.4-month upward variance.

## II.

Although it is unclear that Clark raised an argument as to the substantive reasonableness of his sentence,[1] we will neverthe-less address the issue. When reviewing for substantive reasonable-ness, we consider the totality of the circumstances under a defer-ential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The party challenging the sen-tence bears the burden to show that it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (quotations omitted).

We have "underscored" that we must give "due deference" to the district court to consider and weigh the proper sentencing factors. *Id.* The district court does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). "A district court abuses its considerable

---

[1] An issue not raised on appeal will be deemed abandoned and will only be addressed in extraordinary circumstances. *See United States v. Campbell*, 26 F.4th 860, 872-73 (11th Cir.) (*en banc*) (addressing abandonment in a crimi-nal matter), *cert. denied*, 143 S. Ct. 95 (2022).

discretion and imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1256 (quotations omitted).

We will vacate a defendant's sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Trailer*, 827 F.3d at 936 (quotation marks omitted).  A district court commits a clear error of judgment when it considers the proper factors but balances them unreasonably, arriving at a sentence that does not "achieve the purposes of sentencing as stated in § 3553(a)." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

The district court is free to consider any information relevant to a defendant's background, character, and conduct in imposing an upward variance.  *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010).  Additionally, the district court may rely on factors in imposing a variance that it already considered in calculating the defendant's guideline range.  *See United States v. Amedeo*, 487 F.3d 823, 833-34 (11th Cir. 2007).  "We do not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the § 3553(a)

factors, as a whole, justify the extent of the variance." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020).

Based on the record, we conclude that the district court did not commit a clear error of judgment in determining Clark's sentence. The district court weighed the various § 3553(a) factors, along with Clark's substantial assistance, and using its discretion, imposed a substantively reasonable sentence. The record demonstrates that the district court specifically noted as aggravating factors the length of the conspiracy and the significant quantities of drugs involved, the "very, very serious nature of this conspiracy," and the income Clark derived from his participation. The district court weighed these against his substantial assistance, acceptance of responsibility, and genuine remorse. The district court then imposed the 85-month sentence, which was at the low end of his initial guideline range, the high end of the guideline range after the first variance, and above the guideline range after the departure. Because Clark fails to show that the district court committed a clear error of judgment in weighing the § 3553(a) factors or that his sentence lies outside the range of reasonable sentences based on the facts of his case, we affirm Clark's sentence.

**AFFIRMED.**