[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14078

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EUGENE DOUGLAS REID, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cr-00278-RDP-NAD-1

_____

Before ROSENBAUM, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Eugene Douglas Reid, III, appeals his convictions and 288-month sentence for distributing and transporting child pornography. Reid argues that his convictions should be vacated because the district court abused its discretion in admitting evidence of similar uncharged conduct under Federal Rule of Evidence 404(b). He also contends that the court erred at sentencing in applying a five-level enhancement for distribution of child pornography in exchange for non-pecuniary consideration, U.S.S.G. § 2G2.2(b)(3)(B), and in failing to orally pronounce the discretionary conditions of his supervised release. After careful review, we affirm Reid's convictions, but we vacate and remand for resentencing.

**I.**

This case arose out of an undercover operation targeting child-pornography networks on the mobile messaging application "Kik." In their investigation, officers infiltrated several invitation-only private groups on Kik where child pornography was being distributed. The officers made screen recordings on their mobile devices when another member shared child pornography. And they forwarded username information to the FBI, which issued administrative subpoenas and attempted to identify the responsible user.

As relevant here, undercover officers observed and made screen recordings of a Kik account with the username "stroker-ace597" distributing child pornography in three private groups in

May and June of 2020. Law enforcement prioritized identifying strokerace597 because of the number of videos shared and the age ranges of the minors involved. Based on IP addresses, an email address, and other information obtained during the investigation, Reid was identified as the user behind strokerace597. According to his ex-wife, "Stroker Ace," starring Burt Reynolds, was one of Reid's favorite movies, and 5 and 97 were Reid's racing numbers.

## A.

In a three-count indictment, Reid was charged with distributing child pornography on May 14, 2020, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and with transporting child pornography on June 20, 2020, and June 22, 2020, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1). Reid pled not guilty and proceeded to trial. A mistrial was granted at the first trial for reasons not relevant to this appeal, and the trial was reset.

Before the second trial, Reid filed several motions *in limine*, seeking to exclude, among other evidence, the government's proposed Exhibits 2 and 3. These exhibits were screen recordings made by an undercover officer capturing the strokerace597 account distributing child pornography in Kik groups on May 11 and May 13, 2020—dates not specifically charged in the indictment. Reid argued that the exhibits should be excluded because they did not involve charged conduct and their admission would be cumulative and unduly prejudicial. The government responded that the exhibits were admissible as intrinsic to the offense or as extrinsic evidence under both Rule 404(b) and Rule 414.

On the first day of trial, after jury selection, the district court ruled that the exhibits were extrinsic evidence admissible under Rule 404(b) to show "lack of mistake," "accident," or "intent." Reid declined to address Rule 404. The court rejected Reid's arguments under Rule 403, stating that, in its view, the government had done an "excellent" job curating the evidence and was "skating well within the 403 boundaries."

During trial, the district court admitted Exhibits 2 and 3 over Reid's renewed objection, prefacing the Rule 404(b) evidence with limiting instructions to the jury. The court explained that Exhibits 2 and 3 were not being admitted "as charged conduct," but rather for the limited purposes of showing whether Reid "had a state of mind or the intent necessary to commit the crimes he is charged with in this case," or to show a "lack of mistake or accident." The defense said it was satisfied with the court's limiting instruction.

The district court later provided an additional limiting instruction before the jury began its deliberations. The court explained that the jury could consider the evidence only to determine whether Reid "had the state of mind or intent necessary to commit the crime charged in the indictment," "had a motive or opportunity to commit the acts charged in the indictment," "acted according to a plan or in preparation to commit a crime," or "committed the acts charged in the indictment by mistake or accident." The jury ultimately found Reid guilty on all three counts.

**B.**

Reid's presentence investigation report ("PSR") recommended a guideline range of 360 months to life based on a total offense level of 42 and a criminal-history category of I. That offense level included a five-level increase under U.S.S.G. § 2G2.2(b)(3)(B), for distributing child pornography "in exchange for any valuable consideration, but not for pecuniary gain." The enhancement applied, according to the PSR, because Reid "shared multiple videos and images depicting child sexual abuse material to the chat group and had access to multiple images and videos shared by other users within the group chat."

The district court applied the enhancement at sentencing over Reid's objection. In the court's view, it was reasonable to infer that the groups in which Reid distributed child pornography operated with "an expectation of exchange of child sexual material."

## C.

The district court ultimately varied below the guideline range and sentenced Reid to a total of 288 months' imprisonment, followed by a 20-year term of supervised release. The court informed Reid that, while on supervised release, he "must comply with the standard conditions of supervised release," as well as certain special conditions that the court read aloud. Reid did not object to the imposition of the standard conditions of supervised release or inquire about their requirements. His written judgment included a list of 19 standard conditions of supervised release, as well as several special conditions.

## II.

We review the admission of evidence under Rule 404(b) for abuse of discretion. *United States v. Culver*, 598 F.3d 740, 747 (11th Cir. 2010). The abuse-of-discretion standard recognizes that the trial judge may reach a range of possible conclusions and thus affords the district court considerable leeway in evidentiary rulings. *United States v. Barton*, 909 F.3d 1323, 1330 (11th Cir. 2018).

Under Rule 404(b), evidence of prior bad acts is not admissible to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But such evidence may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b)(2). "We have explained that Rule 404(b) is one of inclusion which allows other act evidence unless it tends to prove only criminal propensity." *Culver*, 598 F.3d at 748 (cleaned up).

We apply a three-part test when reviewing the admission of evidence under Rule 404(b): (1) the evidence must be relevant to an issue other than defendant's character; (2) there must be sufficient proof that the defendant committed the act; and (3) "the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." *United States v. Phaknikone*, 605 F.3d 1099, 1107 (11th Cir. 2010).

Reid challenges the first and third requirements. He contends that Exhibits 2 and 3 were admitted only "to show lack of

mistake or accident," which, in his view, was not at issue during trial, so there was "no permissible purpose for the evidence." He also maintains that the probative value of this evidence was minimal and substantially outweighed by the danger of unfair prejudice.

Here, Exhibits 2 and 3 were probative of permissible purposes under Rule 404(b), including intent.[1] By pleading not guilty, Reid made his intent a material issue for trial. *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998) ("A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue."). While Reid offered to stipulate that the charged files were child pornography, he did not offer to stipulate to the issue of knowledge, and he denied controlling the strokerace597 account. *Cf. United States v. Cenephat*, 115 F.4th 1359, 1366 (11th Cir. 2024) ("[D]efendants can remove intent as an issue and prevent the introduction of Rule 404(b) by stipulating that they had the required intent."). Thus, the government was required to prove that Reid "knowingly" distributed and transported child pornography. *See* 18 U.S.C. § 2252A(a)(1), (2)(A).

---

[1] We reject Reid's suggestion that the district court admitted Exhibits 2 and 3 only to show a lack of mistake or accident, and for no other purpose. The court clearly instructed the jury that it could consider the evidence to determine Reid's intent—that is, whether he "had the state of mind or intent necessary to commit the crime charged in the indictment."

"Where the extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses." *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007). In other words, "a defendant's knowing commission of other, similar crimes logically bears on his knowledge of the crimes charged in the indictment." *United States v. Frediani*, 790 F.3d 1196, 1202 (11th Cir. 2015). Here, Exhibits 2 and 3 were relevant to intent because they depicted extrinsic conduct involving essentially the same crimes and the same mental state as the charged conduct. *See id.*; *Edouard*, 485 F.3d at 1345.

The district court also reasonably concluded that the probative value of the evidence outweighed its prejudicial effect. The extrinsic conduct was essentially the same as the charged conduct, and so was unlikely to "inject[] emotions into the jury's decision-making" not already present in the case. *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010); *see United States v. Smith*, 459 F.3d 1276, 1296 (11th Cir. 2006) ("That the nature of the crime itself, and therefore the nature of the evidence tending to prove it, is emotionally charged does not mean that the prosecution must be deprived of its most probative evidence."). And the court otherwise found that the government substantially limited the evidence shown to the jury to minimize prejudice, which Reid does not directly dispute.

Moreover, there was little risk that Exhibits 2 and 3 would impair Reid's defense at trial. Reid maintained he was not in

control of the strokerace597 account, so evidence of additional distribution by that account would not make the jury more or less likely to credit Reid's story.  Finally, any unfair prejudice caused by admitting evidence of additional distribution of child pornography by strokerace597 "was mitigated by the district court's limiting instruction[s] to the jury" on the proper use of the Rule 404(b) evidence.  *Edouard*, 485, F.3d at 1345.

Accordingly, the district court did not abuse its discretion by admitting the government's Exhibits 2 and 3 under Rule 404(b).

## III.

Reid next argues that the district court erred in applying a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B).  "A district court that improperly calculates a defendant's Guidelines range . . . has committed a significant procedural error."  *Molina-Martinez v. United States*, 578 U.S. 189, 199 (2016) (quotation marks omitted) (alteration adopted).  We review the interpretation of the Sentencing Guidelines *de novo*.  *United States v. Martinez*, 964 F.3d 1329, 1333 (11th Cir. 2020).  "When interpreting the Guidelines, a guideline's meaning is derived first from its plain language and, absent ambiguity, no additional inquiry is necessary."  *United States v. Cruz*, 713 F.3d 600, 607 (11th Cir. 2013) (quotation marks omitted).

The guideline applicable to Reid's offenses, § 2G2.2, provides for at least a "two-level enhancement when the offense involves distribution."  *United States v. Vadnais*, 667 F.3d 1206, 1208 (11th Cir. 2012); *see* U.S.S.G. § 2G2.2(b)(3)(F).  But if the distribution "involves additional specified circumstances," *Vadnais*, 667

F.3d at 1208, the level of the enhancement increases.  *See* U.S.S.G. § 2G2.2(b)(3)(A)–(E).

As relevant here, a five-level enhancement applies instead "[i]f the defendant distributed in exchange for any valuable consideration, but not for pecuniary gain."   U.S.S.G. § 2G2.2(b)(3)(B). The commentary states that this phrase means the defendant "agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child." *Id.* § 2G2.2, cmt. n.1.

The current version of this enhancement represents a change from the pre-2016 guidelines, which added five levels if the offense involved "[d]istribution for the receipt, or *expectation of receipt*, of a thing of value, but not for pecuniary gain."   U.S.S.G. § 2G2.2(b)(3)(B) (Nov. 2015) (emphasis added).  In our cases applying the pre-2016 version, we held that the enhancement applies "when a defendant trades child pornography in exchange for other child pornography," *United States v. Bender*, 290 F.3d 1279, 1286 (11th Cir. 2002), such as a one-on-one exchange, *United States v. Little*, 864 F.3d 1283, 1290–91 (11th Cir. 2017), but not when a defendant simply makes child pornography available to others on a file-sharing program with "hope that a peer would reciprocate his generosity," *United States v. Spriggs*, 666 F.3d 1284, 1288 (11th Cir. 2012); *see also United States v. Vadnais*, 667 F.3d 1206, 2019 (11th Cir.

23-14078              Opinion of the Court                    11

2012). We have not addressed the amendments to § 2G2.2(b)(3)(B) in a published opinion.

Here, the district court procedurally erred in failing to properly apply § 2G2.2(b)(3)(B) at sentencing. The court found that the five-level enhancement was justified because it was reasonable to infer that, when Reid shared child pornography to the private groups on Kik, there was "an expectation of exchange of child sexual material." The government likewise says that we should affirm based on the "innate expectation of exchange" in the private groups.

As our sister circuits have noted, however, the amended version of § 2G2.2(b)(3)(B) removed the "expectation of receipt" language. *See, e.g.*, *United States v. Morehouse*, 34 F.4th 381, 389 (4th Cir. 2022) ("The amendment thus replaces 'for the receipt, or expectation of receipt' with 'in exchange for,' and it replaces 'a thing of value' with 'any valuable consideration.'"). And based on the new language, they have formulated new tests to apply § 2G2.2(b)(3)(B), but none have suggested that the relevant analysis remains unchanged. *See United States v. Randall*, 34 F.4th 867, 873 (9th Cir. 2022); *Morehouse*, 34 F.4th at 389–90; *United States v. Oliver*, 919 F.3d 393, 401 (6th Cir. 2019); *United States v. Halverson*, 897 F.3d 645, 651–52 (5th Cir. 2018). Thus, it appears the district court erroneously applied the pre-2016 version of § 2G2.2(b)(3)(B), and our corresponding caselaw, instead of the amended guideline, which requires a determination whether Reid "distributed in exchange for any valuable consideration." U.S.S.G. § 2G2.2(b)(3)(B).

Because the failure to properly calculate the guideline range is a significant procedural error, we vacate and remand for resentencing. *See Molina-Martinez*, 578 U.S. at 199; *see also Halverson*, 897 F.3d at 651 ("[T]he district court committed a significant procedural error by applying our holding from [a pre-amendment case] . . . instead of the amended Guideline."). We express and imply no opinion as to the proper interpretation of the guideline or whether the evidence is sufficient to support the five-level enhancement.

## IV.

In sum, we affirm Reid's convictions because the district court did not abuse its discretion by admitting evidence of uncharged conduct under Rule 404(b). But we conclude that the court procedurally erred at sentencing, so we vacate and remand for resentencing. Because we vacate Reid's sentence, his appeal from the conditions of supervised release is moot.

**AFFIRMED in part; VACATED and REMANDED in part.**