[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11082

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NATHANIEL DAVID STRUENING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:23-cr-00265-LSC-NAD-1

_____

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Nathaniel Struening appeals his 188-month imprisonment sentence for attempted transportation of child pornography and possession of child pornography.  On appeal, he argues that the district court plainly erred in applying a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) for distribution of child pornography "in exchange for any valuable consideration."  Even if the district court erred, the error was not plain, and so we affirm.

## I

We review de novo the district court's application of the Guidelines and review factual findings for clear error.  *United States v. Little*, 864 F.3d 1283, 1290 (11th Cir. 2017).  Unpreserved sentencing objections, however, are reviewed only for plain error.  *United States v. Corbett*, 921 F.3d 1032, 1037 (11th Cir. 2019).  To establish plain error, Struening must show that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights.  *Rosales-Mireles v. United States*, 585 U.S. 129, 134 (2018).  "Once those three conditions have been met, the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id*. at 135 (citation modified).  "An error is plain if 'the explicit language of a statute or rule or precedent from the Supreme Court or [our] Court directly resolves the issue' and establishes that an error has occurred."  *United States v. Boone*, 97

F.4th 1331, 1339 (11th Cir. 2024) (quoting *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020)).  Because Struening did not object at sentencing to the enhancement he now challenges, we apply plain-error review here.

## II

For those convicted of transportation of child pornography, the Sentencing Guidelines provide for a five-level enhancement "[i]f the defendant distributed [the pornography] in exchange for any valuable consideration, but not for pecuniary gain."  U.S.S.G. § 2G2.2(b)(3)(B).  We have held that a defendant qualified for a five-level enhancement under the pre-2016 version of § 2G2.2(b)(3)(B) because he "trade[d] child pornography in exchange for other child pornography."  *Little*, 864 F.3d at 1290 (quoting *United States v. Bender*, 290 F.3d 1279, 1286 (11th Cir. 2002)).[1]  For the guideline to apply, there must be evidence "show[ing] the connection between the defendant's distribution and the receipt or expectation of receipt of a thing of value."  *United States v. Vadnais*, 667 F.3d 1206, 1209 (11th Cir. 2012); *see id.* ("There must be some other evidence, whether direct or circumstantial, that a defendant reasonably believed that he would receive something of value . . . .").  In keeping with this, we have held that a district court erred in imposing the

---

[1] Before 2016, the guideline provided for a five-level enhancement if the offense involved "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain."  U.S.S.G. § 2G2.2(b)(3)(B) (2015).  None of our analysis here hinges on the 2016 amendments to the guideline, and the parties do not suggest otherwise.

enhancement when there was no "evidence that [the defendant] and another user conditioned their decisions to share their illicit image collections on a return promise to share files." *United States v. Spriggs*, 666 F.3d 1284, 1288 (11th Cir. 2012).

In this case, the propriety of the enhancement turns on a spare, agreed-to passage in the presentence investigation report. According to the PSR:

> Struening, under his username "FREDPEABODY", was a member of a KIK group dedicated to the trade of child pornography. "FREDPEABODY" shared CSAM with the KIK group and had access to multiple images and videos shared by other users within the group chat. *These chat rooms on KIK operated with a built-in expectation that an exchange of CSAM would take place.*

PSR ¶ 36, Dkt. No. 39 (emphasis added).[2] It was permissible for the district court to consider these undisputed statements during sentencing. *See United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014) ("[T]he defendant's failure to object to conclusory statements in the PSR renders those statements undisputed and permits

---

[2] Struening appears to argue that the statement "operated with a built-in expectation that an exchange of CSAM would take place" did not constitute a stipulated fact because it was contained in the Guidelines calculation section of the PSR rather than the offense conduct portion. But he points us to no portion of the record indicating that this statement was not agreed to—to the contrary, not only did he fail to object to the statement below, but he also conceded this point in his own sentencing memorandum.

24-11082              Opinion of the Court                    5

the sentencing court to rely upon them without error even if there is an absence of supporting evidence." (citation modified)).

Even if the application of the five-level enhancement was error, it was not *plain* error. Both *Spriggs* and *Vadnais* involved the use of peer-to-peer file sharing sites to make child pornography available for download by others. *See Spriggs*, 666 F.3d at 1288; *Vadnais*, 667 F.3d at 1209. In both cases, we held that there was insufficient evidence that the defendants made the illicit material available for the purpose of receiving something in return. *See Spriggs*, 666 F.3d at 1288; *Vadnais*, 667 F.3d at 1209. Struening's case is a little different. Vadnais and Spriggs both merely saved child pornography in peer-to-peer sharing folders where it *could* be accessed by others, while Struening affirmatively sent pornography to others and received it in kind. *See Vadnais*, 667 F.3d at 1209; *Spriggs*, 666 F.3d at 1288; PSR ¶ 36; Plea Agreement 5–7, Dkt. No. 23. Further, here, there's at least a bit of evidence that Struening did indeed intend to participate in an exchange: He admitted that he participated in a KIK group where the exchange of abuse material occurred, that he both sent and viewed abuse material through the group, and that the group was intended to function as a place for exchanging abuse material. True, there is some ambiguity in the PSR given its use of the passive voice—*who*, specifically, had the expectation that an exchange would occur? *See* PSR ¶ 36 ("These chat rooms on KIK operated with a built-in expectation that an exchange of CSAM would take place."). But we require only "circumstantial" evidence "that a defendant reasonably believed that he would receive something of value by making his child

pornography files available." *Vadnais*, 667 F.3d at 1209. And our cases have never set out a particular rule about what evidence is sufficient to show a defendant's reasonable belief that he would receive something in return. *See Spriggs*, 666 F.3d at 1288; *Vadnais*, 667 F.3d at 1209–10; *Bender*, 290 F.3d at 1286–87. Accordingly, it cannot be that applying the enhancement to Struening was contrary to "the explicit language of a statute or rule or precedent from the Supreme Court or this Court." *Boone*, 97 F.4th at 1339 (citation modified).

### III

For the foregoing reasons, we hold that the district court did not commit plain error in applying the § 2G2.2(b)(3)(B) enhancement to Struening.

**AFFIRMED.**